## Badger v. Weigand

*D. W. McDonald, Jr.,* for plaintiff.

*M. E. Lizza,* for defendant.

BANE, J. October 5, 1956.—Plaintiffs, Charles W. Badger and Lenore Badger, his wife, are residents of South Union Township, Fayette County. While driving their automobile along route 80 in Indiana County, on July 3, 1954, a collision occurred between their car and that of defendant, Richard Weigand, who resides at 7025 Hamilton Avenue, Pittsburgh, Allegheny County. On June 28, 1956, plaintiffs brought suit in this county against defendant to recover for their damages resulting from this collision, and alleged to have been caused by defendant's negligent operation of his automobile.

The notice of suit and complaint in trespass was issued on June 28, 1956, by the Prothonotary of Fayette County, and delivered to the Sheriff of Fayette County for service upon defendant. This he did by deputizing the Sheriff of Allegheny County, who on July 10, 1956, duly served the writ upon defendant personally at his residence at 7025 Hamilton Avenue, Pittsburgh. Plaintiffs, being residents of Fayette County, defendant a resident of Allegheny County, and the accident having occurred in Indiana County, defendant has filed preliminary objections in the nature of a demurrer. The question is whether this court has jurisdiction.

Rule 1042 of the Pennsylvania Rules of Civil Procedure, provides as follows: "The action may be brought in a county in which an action of assumpsit may be brought or as provided by an Act of Assembly." Under the provisions of this rule, except as otherwise provided, an action against an individual may be brought in, and only in a county in which he may be served, or in the county in which the cause of action arose. Venue in trespass is identical with that in assumpsit, plus some additional privileges not available in assumpsit. These additional privileges are not provided by any rule; they are only those which are provided by acts of assembly. To the extent the legislature has authorized suit in trespass to be brought in the "cause of action" county, even though the venue could not be laid in that county under the assumpsit rules, the rules continue that statutory authorization.

Rule 1043 of the Pennsylvania Rules of Civil Procedure provides as follows: "When an action against an individual is commenced in the county where the cause of action arose, the plaintiff shall have the right of service in any other county by having the sheriff of the county in which the action was commenced deputize the sheriff of the other county where service may be had." Since service of process in trespass is identical with service in assumpsit, it would be a useless gesture to start a suit in a county in which defendant could not be served. Rule 1043 was therefore promulgated to make the "cause of action" county venue workable and deputized service is authorized in this instance only, and there is no generalized right to service by deputization in trespass.

We conclude that the objection made by defendant to the jurisdiction of this court because the venue is improper is well taken, as the action was not brought in a county in which defendant could be served, nor is there an act of assembly designating this county

as a proper county in which the action might be brought.

*Order*

And now, October 5, 1956, defendant's preliminary objection is sustained and the case is dismissed at the cost of plaintiffs.